Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CF0557-08 |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM M. PEREZ, | ) | DECISION AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Honorable Alberto C. Lamorena III on April 8, 2009 on Defendant's Motion to Dismiss and Motion to Reduce Felony Family Violence to Misdemeanor. Attorney Sally A. Tobin appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Jane Kennedy. After hearing the arguments and reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## DISCUSSION

On December 12, 2008, the Defendant was indicted by the Grand Jury for Terrorizing as a Third Degree Felony and Family Violence as a Third Degree Felony. Defendant argues that the count of Terrorizing should be dismissed because the People have failed to allege that

-1-

Defendant threatened to commit a "crime of violence dangerous to human life", and that the Grand Jury was not informed of what the definition of such a crime is.

## I.     Sufficiency of the Indictment

"The purpose of an indictment is to furnish the defendant with a sufficient description of the charge against him to enable him to prepare his defense, to enable him to plead double jeopardy against a second prosecution and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *U.S. v. Anderson*, 532 F.2d 1218, 1222 (9th Cir.1976). "...Indictments are sufficient when they: 1) contain the necessary elements of the crime alleged, 2) inform the defendant of the crime charged with sufficient clarity to allow him to defend adequately against the charges, and 3) provide sufficient clarity to bar subsequent prosecution for the same offense." *People v. Angoco*, 1996 WL 875777 (D.Guam 1996).

"Generally, an indictment that tracks the statutory language defining the offense satisfies these three requirements, and, as such, is sufficiently specific to withstand a motion to dismiss." *U.S. v. Aliperti*, 867 F.Supp. 142, 144 (E.D.N.Y.1994). See also *U.S. v. Chenaur*, 552 F.2d 294, 301 (9th Cir.1977). "Dismissal of an indictment is considered a drastic step and is generally disfavored as a remedy." *People v. Muna*, 999 F.2d 397, 399 (9th Cir.1993).

Defendant provides several cases in an attempt to argue that the People need to specify the exact theory on which they are proceeding under the Terrorizing statute. He cites to *U.S. v. Cochrane*, 985 F.2d 1027 (9th Cir.1991), which provides: "An indictment must provide the essential facts necessary to apprize the defendant of the crime charged..." However, that same sentence from the case also provides: "...it need not specify the theories or evidence upon which the government will rely to prove those facts."

Other cases cited by Defendant, such as *Russell v. U.S.*, 369 U.S. 749 (1962), *U.S. v. Nance*, 533 F.2d 699 (C.A.D.C.1976), and *U.S. v. Cecil*, 608 F.2d 1294 (9th Cir.1979), provide that an indictment that tracks the statutory language may be insufficient in certain matters. In *Cecil*, the court's decision to dismiss the indictment was largely based upon the extremely vague

date of offenses alleged, over a period of years. Here, the indictment supplied by the People narrows the action to on or about a single day. The indictment in *Nance* explicitly promised to include information which it plainly omitted, which did not occur in this matter.

In *U.S. v. Resendiz-Ponce*, 549 U.S. 102 (2007), the Supreme Court revisited its holding in *Russell*, and explained that, while some crimes, such as those prosecuted under Section 192, must be charged with specificity, a finding of guilt under other statutes does not "depen[d] so crucially upon such a specific identification of fact." *Id.* at 109, quoting *Russell*, supra. Moreover, the Court noted that the promulgation of the Federal Rules of Criminal Procedure had removed the need to include detailed allegations in a criminal Indictment, and consequently, in most cases, general allegations in an Indictment satisfy the requirements of Due Process. See, Rule 7(c)(1), Federal Rules of Criminal Procedure (stating that an Indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged"). *Id.* Given the specificity of the date on which the incident is alleged to have taken place, the inclusion of the victim involved, and the lack of testimony as to any threats other than that alleged in the Complaint, the Court holds the indictment to be sufficiently detailed under the test set out in *Angoco*.

## II. Reduction of Family Violence Charge

Defendant also presented the Court with a motion to reduce the charge of Family Violence from a third degree felony to a misdemeanor, citing to Title 9 G.C.A. §30.20(b) and §30.20(c) for the factors to be considered by the Court when a defendant files such a motion. Defendant has not provided any facts, allegations, or arguments in its motion, as he stated such would be shown at the hearing on the matter. At the hearing, Defendant submitted on the pleadings on the matter.

Without any argument from Defendant, the Court looks to the arguments put forth by the People to see if a basis exists for the charge of Family Violence as a Third Degree Felony. The People have submitted a sufficient basis under the §30.20(c) factors, including Defendant's prior

criminal history, the Defendant's history of violence against the same victim, the Defendant's history of substance abuse, and Defendant's failure to respond positively to counseling based upon past attempts. As such, the Court believes the felony charge to be warranted under the circumstances.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss is hereby DENIED, and Defendant's Motion to Reduce Felony Family Violence to Misdemeanor is hereby DENIED. The pre-trial conference will be held on July 27, 2009 at 3:00 P.M., and jury selection will be on July 30, 2009 at 10:00 A.M.

**IT IS SO ORDERED** this 10th day of July, 2009.

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JUL 1 0 2009



Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

-4-